UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-54-1-TLS-JPK |
| GEORGE ARROYO | |

**OPINION AND ORDER**

This matter is before the Court on a letter [ECF No. 67] filed by Defendant George Arroyo on April 24, 2020, and on a Supplemental Brief to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) and Request for Expedited Consideration of the Same [ECF No. 78], filed by counsel for Defendant on May 21, 2020. Defendant Arroyo seeks compassionate release due to the COVID-19 pandemic and his personal risk factors. For the reasons set forth below, Defendant's request is DENIED.

**BACKGROUND**

On March 27, 2019, a Sealed Complaint [ECF No. 1] was filed charging Defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841(a)(1). Defendant was arrested on March 25, 2019, pursuant to an arrest warrant [ECF No. 2, 5]. An Indictment [ECF No. 24] was returned against Defendant and two co-defendants on May 15, 2019, charging Defendant in Count I with possession with intent to distribute and conspiring to distribute more than 400 grams of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 941(b)(1)(A) and 21 U.S.C. § 846. On September 30, 2019, Defendant pleaded guilty [ECF No. 38] to Count I of the Indictment pursuant to a Plea Agreement [ECF No. 34]. In an October 16, 2019 Order [ECF No. 40], the Court adjudged Defendant guilty of Count I of the Indictment.

On February 27, 2020, the Court sentenced Defendant to 75 months imprisonment. Defendant has been in custody since his arrest on March 25, 2019. Final PSR 1, ECF No. 45. Thus, he has served approximately 15 months of his sentence. He is currently confined in the Lake County Jail. Def.'s Suppl. Br. 1, ECF No. 78; Gov't Resp. 14, ECF No. 80.

On April 24, 2020, the Court received a letter [ECF No. 67] from Defendant asking to be released in light of the COVID-19 pandemic and offering to be a productive member of society. The Court then issued that same date an Order [ECF No. 68] referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. An attorney from the Federal Community Defender entered an appearance, but the Court subsequently granted his motion to withdraw due to a conflict of interest and appointed counsel from the Criminal Justice Act panel of attorneys. ECF Nos. 70, 73–76. On May 21, 2020, counsel filed the instant Supplemental Brief to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) and Request for Expedited Consideration of the Same [ECF No. 78]. On May 26, 2020, and June 9, 2020, counsel filed supplements [ECF No. 79, 81] consisting of a letter from Defendant's wife and a letter from Defendant detailing his proposed release plan. On June 4, 2020, the Government filed a response [ECF No. 80], opposing the requested relief.

## ANALYSIS

Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) based on the threats posed by the COVID-19 pandemic and his personal health concerns, which are Type 2 diabetes, fatty liver, and high cholesterol. Def.'s Suppl. Br. 1, ECF No. 78. Defendant asks the Court to either order that he serve the remainder of his sentence on home confinement or reduce his sentence to time served. For the reasons set forth below, the Court denies the motion.

Following the imposition of sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). Once such circumstance allows a court to grant a defendant compassionate release if certain requirements are met. *Id.* § 3582(c)(1)(A). The statute provides that

> the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
> >
> > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

*Id.* (emphasis added). Thus, the statute sets out four requirements: exhaustion of administrative remedies, consideration of whether "extraordinary and compelling reasons" warrant a reduction in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements.

While the statute does not define "extraordinary and compelling reasons," Congress provided:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to that authority, the Sentencing Commission Policy Statement on § 3582(c)(1)(A) provides:

3

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13. The commentary to the Policy Statement then provides that extraordinary and compelling reasons exist under any of these circumstances:

> (A) <u>Medical Condition of the Defendant</u>.—
>
> > (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    <u>Family Circumstances</u>.

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Policy Statement § 1B1.13 was effective November 1, 2018, but has not been updated to reflect that the First Step Act amended § 3582(c)(1)(A) in December 2018 to allow a motion to be brought by a defendant and not only by the Bureau of Prisons. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."). Nevertheless, § 1B1.13 provides guidance on the "extraordinary and compelling reasons" that may warrant a reduction in a term of imprisonment on a motion brought by a defendant. *See United States v. Scott*, No. 17-CR-156, 2020 WL 2508894, at *7–8, — F. Supp. 3d —, — (E.D. Wis. May 15, 2020) (agreeing with the majority of courts that a "court in deciding a compassionate release motion is no longer confined to the specific examples enumerated in U.S.S.G. § 1B1.13"); *United States v. McGraw*, No. 2:02-cr-18, 2019 WL 2059488, at * (S.D. Ind. May 9, 2019) ("While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." (citing cases)).

5

Next, the Court considers whether Defendant has exhausted his administrative remedies. Although exhaustion of administrative remedies is a requirement of the statute, the parties agree that, in this case, the exhaustion requirement is waived or excused because Defendant is not yet in the custody of the Bureau of Prisons. Since his sentencing in February of this year, Defendant has been in the custody of the U.S. Marshal Service and is currently being held at the Lake County Jail. The Government represents in its response brief that, based on the information it has at this time and its review of the case law, there is no avenue available to Defendant to first seek administrative relief from the Bureau of Prisons while housed at the Lake County Jail. As noted by the Government, recent district court decisions have reached the same conclusion under similar circumstances. *See, e.g.*, *United States v. Levy*, 16-cr-270, 2020 WL 2393837, at *3 (E.D.N.Y. May 12, 2020); *United States v. Van Dyke*, No. 2:15-CR-0025, 2020 WL 1811346, at *2 (E.D. Wash. Apr. 8, 2020). In addition, the Government represents that counsel spoke with representatives of the Bureau of Prisons who stated that Defendant cannot be properly assessed for compassionate release until he is within a Bureau of Prisons facility. Gov't Resp. 6. As a result, the Government takes the position that the exhaustion element has been met for Defendant in this case. Finally, in light of the steps taken by the Bureau of Prisons to stem the spread of COVD-19, it is unclear when Defendant will be transported to a Bureau of Prisons facility. Therefore, the Court finds that the exhaustion requirement is waived or excused, and the motion is properly before the Court.

The Court now turns to the question of whether there are extraordinary and compelling reasons for a reduction in Defendant's term of imprisonment. Defendant argues that the COVID-19 pandemic is a global health emergency that presents a serious and grave risk to vulnerable inmates such as himself, reasoning that conditions of imprisonment create the ideal environment for the transmission of contagious disease. Although the Court recognizes that COVID-19 poses

a general threat to every non-immune person in the country, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited June 12, 2020); Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited June 12, 2020).

Rather, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))). Defendant is housed in the Lake County Jail where there are currently no confirmed cases of COVID-19 in the general population. *See* Gov't Resp. 20–21. The Government represents that, as of June 1, 2020, Lake County Jail had a total of six inmates test positive for COVID-19 since the start of the epidemic, none of whom were in the general population. *Id.* The Government also represents that Lake County Jail has a screening system in place to avoid the spread of COVID-19 in the facility. *Id.* 21. In addition, once the Bureau of Prisons determines that it is safe to transport Defendant to his designated facility, that facility will also have strict precautions in place including shelter-in-place protocols, screening and quarantining all newly arriving

detainees, isolating until medically cleared all symptomatic detainees, and issuing and encouraging the use of face masks. *Id.* 22–24 (citing BOP, Updates to BOP COVID-19 Action Plan: Inmate Movement (Mar. 19, 2020), https://www.bop.gov/resources/news/20200319 _covid19_update.jsp; www.bop.gov/coronavirus/index.jsp).

     Next, the Court turns to Defendant's personal health conditions and finds that Defendant's chronic conditions of diabetes, fatty liver, and high cholesterol in combination with his current housing the Lake County Jail, even in the context of the COVID-19 pandemic, do not constitute an extraordinary and compelling reason to justify a sentence reduction. Defendant has diabetes and a fatty liver, and the CDC has listed diabetes and liver disease as conditions that places an individual at a higher risk for several illness due to COVID-19. *See* "People who are at high risk for severe illness," Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 12, 2020). However, Defendant is 31 years old. Defendant has not presented any evidence that his diabetes is not being managed or cannot be managed within the Lake County Jail or the Bureau of Prisons through medication. He has not presented any evidence that his diagnosis of fatty liver is not also being addressed along with his diabetes or that it is uncontrolled. High cholesterol is not listed on the CDC website as a risk factor related to COVID-19, and Defendant takes Lipitor for his high cholesterol. In his supplemental brief, Defendant describes his physical condition as "deteriorating," Def.'s Suppl. Br. 19, but offers no evidence that his diabetes, fatty liver, or hypertension have worsened since his detention. Rather, while in detention, his fatty liver and hypertension were diagnosed, and he began receiving treatment as a result. Thus, the Court finds that Defendant has not shown extraordinary and compelling reasons that would make him eligible for a reduction in his term of imprisonment.

If the Court were to move on in the analysis and consider the § 3553(a) factors and whether Defendant is a danger to the safety of any other person or the community, the Court would note the following. Defendant has only served 15 months of his 75-month sentence, which was a sentence below the guideline range. The circumstances of the present offense were serious, involving multiple kilograms of fentanyl at a price of $49,000 per kilogram. Although Defendant was in criminal history category 1 based on a minimal criminal history, this already factored in to the original below-guideline sentence. Defendant argues that the Court should consider the "most up-to-date picture" of Defendant's history and characteristics, Def.'s Suppl. Br. 19. However, he was sentenced less than four months ago; the picture of his history and characteristics is largely the same now as it was in February.

Therefore, based on Defendant's specific circumstances, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted. *See Downing*, 2020 WL 2789790, at *1–2 (denying motion for compassionate release, even though the defendant has health issues of type 2 diabetes, COPD, anemia, asthma, and high blood pressure, where the defendant was 43 years old, the defendant was housed in a facility with very few COIVD-19 cases, and early release would not be consistent with the § 3553(a) factors); *United States v. Shah*, 16-20457, 2020 WL 1934930, at *1–2 (E.D. Mich. Apr. 22, 2020) (denying motion for compassionate release on the basis that, although the defendant suffers from diabetes and hypertension, there were no cases of COVID-19 in his facility and the Bureau of Prisons is making strict efforts to protect inmates); *United States v. Desage*, 2:13-cr-39, 2020 WL 1904584, at *1–4 (D. Nev. Apr. 17, 2020) (denying relief for a 69-year-old inmate at outset of 36-month sentence, given his criminal record, even though he is diabetic, because he would be isolated and the Bureau of Prisons is taking steps to keep inmates safe).

Finally, the Court recognizes that Defendant also asks to be permitted to serve his sentence on home confinement. Def.'s Suppl. Br. 18–19, ECF No. 78. As noted above, the Court has limited jurisdiction to correct or modify a sentence absent the specific circumstances enumerated by Congress in 18 U.S.C. § 3582. Section 3582(c) contemplates only a reduction in sentence. *See* 18 U.S.C. § 3582(c). However, a request to serve the remainder of a term of imprisonment on home confinement is not a request to reduce the sentence but rather a request to change where Defendant serves that sentence. The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2). Accordingly, the Court denies this alternate requested relief.

## CONCLUSION

Based on the foregoing, the Court DENIES the relief requested in Defendant's letter [ECF No. 67] and in the Supplemental Brief to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) and Request for Expedited Consideration of the Same [ECF No. 78].

SO ORDERED on June 12, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
